Filed 9/7/23  P. v. Kemp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

ERIC SHAWN KEMP,

     Defendant and Appellant.

E080435

(Super.Ct.No. RIF105475)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a resentencing hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant, Eric Shawn Kemp's, motion to strike his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). On appeal, defendant contends the court abused its discretion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

While executing a search warrant on a home in Riverside on August 29, 2002, officers found defendant in possession of a loaded handgun and six small bags of rock cocaine. Defendant admitted he had been selling rock cocaine for about five or six weeks. (*Kemp*, *supra*, E033849.)

A jury convicted defendant of possession of cocaine while personally armed with a firearm (Health & Saf. Code, § 11351.5, count 1) and being a felon in possession of a handgun (Pen. Code, § 12021, subd. (a)(1), count 2). The jury also found true enhancement allegations that defendant was personally armed with a firearm in his commission of the count 1 offense (Pen. Code, § 12022, subd. (c)) and that he had previously been convicted of a drug offense (Health & Saf. Code, § 11370.2, subd. (a)). In a separate proceeding, the trial court found true allegations that defendant had suffered two prior serious felony convictions (Pen. Code, § 667, subd. (c)), two prior strike

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] On the court's own motion, we take judicial notice of our prior opinion in defendant's appeal from the original judgment, which was quoted in the People's opposition to defendant's *Romero* motion. (*People v. Kemp* (May 21, 2004, E033849) [nonpub. opn.]; Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

2

convictions (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12), and two prior prison terms (Pen. Code, § 667.5, subd. (b)).  (*Kemp*, *supra*, E033849.)

At defendant's sentencing hearing, his attorney requested, as pertinent here, that the trial court dismiss "all the prior offenses, the enhancements."  Defense counsel asked the court to "strike the enhancements and priors in the interest of justice."

The court responded that it "doesn't feel it should.  You know, I didn't make these laws, the people [*sic*] did.  And the Legislature did."  Defense counsel replied, "With all due respect, before my client stands [to be sentenced], we understand you did not make the laws.  You do have the discretion as a judicial officer of the court to dismiss them. We'd ask you to do that."  The trial court declined, stating, "It comes within the spirit, as well as the letter, of the law."  The court sentenced defendant to a total indeterminate term of 34 years to life in state prison.  (*Kemp*, *supra*, E033849.)

Defendant appealed.  As relevant here, defendant contended the trial court was unaware of its discretionary authority under section 1385 to strike the prior drug conviction allegation.  This court disagreed.  This court modified the sentence but otherwise affirmed the judgment.  (*Kemp*, *supra*, E033849.)

On April 25, 2022, the court, pursuant to Senate Bill No. 483,[3] struck defendant's prior prison term enhancements (§ 667.5, subd. (b)), struck punishment for the prior drug conviction enhancement (§ 11370.2, subd. (a)), and set the matter for a hearing on a

---

[3] "Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75.  (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)"  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

proposed *Romero* motion. On October 5, 2022, defendant filed a motion in which he requested the court strike his prior strike convictions pursuant to *Romero*.

Defendant submitted 19 exhibits in support of his *Romero* motion including: letters of character reference; an investigator's report from 2003 containing a character reference from defendant's former girlfriend; an investigator's report from 2022 reflecting that defendant had been traumatized as a youth due to daily domestic violence in the home and the killing of his uncle; a prison rule violation from 2006 for creating a "modesty curtain" out of "altered state linen"; a prison report from 2022 reflecting that defendant had the lowest possible California Static Risk Assessment score; prison reports showing defendant's prison work history; a number of positive prison work experience evaluations; numerous certificates of completion and participation in various skills trainings and personal improvement programs; reports that defendant had completed a gang recovery program, and had disassociated himself from his prior gang affiliation; a note of "exemplary conduct"; a reentry plan; relapse prevention plans for domestic violence, drug use, and drug sales; and letters of opportunity and promises to help support him upon his release from prison.

On November 1, 2022, the People filed opposition to defendant's *Romero* motion. The People noted that defendant's prior strike convictions were for robbery and assault with a firearm committed respectively on June 28, 1991, and December 2, 1996. He was on parole when he committed the instant offenses. Defendant had previously sustained two parole and two probation violations. Thus, the People argued defendant had engaged

4

in a pattern of violent criminal activity such that the court should deny his *Romero* motion.

At a hearing on December 5, 2022, the court indicated it had been "a little bit on the fence." The court noted that "if I was sentencing [defendant] when this offense originally happened, it's a no-brainer. It's a no-brainer. He was a poster child for recidivism treatment. So the question for me really becomes, did he do something in prison that absolutely demonstrates an epiphany for me."

The court then recounted several examples of defendants whose "extraordinary" behavior after imprisonment led the court to strike a prior strike or enhancement: "All of those were clear cases of people really, really, showing through actions and words that they had changed their lives."

The court noted that there were "some similarities" between those individuals and defendant; however, defendant's prior strike conviction offenses were "violent" and "dangerous." Defendant "would get on probation and get in trouble again, or get on parole and get in trouble again." Although the instant offense was "a bit more innocuous," the court noted defendant "had just been released not too long out on parole [and] is not only—in possession of drugs, but he's armed again."

The court continued, "I don't think—well, I'm not going to exercise my discretion unless I see something that is so extraordinary that I—for someone with his record[, an] unimpeded and uninterrupted stream of criminality that almost always has some aspect of violence to it. The last one, the reason I'm saying that, is he was not violent with

5

anybody, but here he is again selling and he's armed already while he's still on parole. Given the conduct, I cannot at this time say that I feel that he has had an epiphany of [the] magnitude that I think justifies striking the strike, . . ." "[I]mplicit within this whole analysis is, either the wors[e] the instant conduct is or the wors[e] the record is, the greater level of epiphany I need to see, if that makes any sense." The court denied the motion.

## II. DISCUSSION

Defendant contends the court abused its discretion in denying his motion to strike. He maintains that Senate Bill No. 81's amendments to section 1385 apply to a court's determination of whether to strike a prior strike conviction. Defendant argues that the court's failure to apply the mitigating criteria in amended section 1385 was an abuse of discretion.

The People counter that defendant's failure to raise below the application of Senate Bill No. 81 to his *Romero* motion forfeited the issue on appeal. They additionally maintain that Senate Bill No. 81's liberalized criteria are not applicable to a court's decision to strike a prior strike conviction. Thus, the People contend the court acted within its discretion in denying defendant's *Romero* motion. We agree with the People.

A.     Forfeiture

The People contend defendant forfeited any applicability of Senate Bill No. 81 to his *Romero* motion by failing to raise that basis in his motion below. We agree.

Failure to raise an issue at sentencing forfeits the issue on appeal. (*People v. Keene* (2019) 43 Cal.App.5th 861, 862; see *People v. Romero and Self* (2015) 62 Cal.4th 1, 49 ["He did not object on this basis below, and the claim is therefore forfeited."].)

Here, defense counsel did not raise any issues with respect to Senate Bill No. 81's applicability to his *Romero* motion at the hearing below. Thus, the issue was forfeited. Nonetheless, we can decline to find forfeiture or reach the merits even if the issue has been forfeited. (*Monroe*, *supra*, 85 Cal.App.5th at p. 400.) We do so here.

### B.       Application of Senate Bill No. 81

Defendant acknowledges, "Caselaw has held that the Three Strikes Law is an alternative sentencing scheme, not an enhancement." Indeed, defendant concedes that the recent amendment does not define "enhancement," which means "that the legislators considered the inclusion of a definition unnecessary because the term had already been defined in the rules of court and court decisions. [Citations.]" Nevertheless, defendant argues interpretation of the statute requires that we interpret it in a "broader sense that includes strikes . . . ." Defendant maintains that the "in furtherance of justice" concept in the statute is an "amorphous concept," which can extend to the dismissal of prior strike conviction findings. We disagree.

"Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo. [Citation.] 'To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by familiar canons of statutory construction. "[I]n construing a statute, a court [must]

ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.]  In determining that intent, we first examine the words of the respective statutes:  "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.]  'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " [Citation.]  If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.]  "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' [Citation.]" (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 (*Burke*).)

"Effective January 1, 2022, Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) amended section 1385 to add specific mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice.  [Citations.]  Section 1385, subdivision (c) now provides:  '(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present.  Proof of the presence of one or more of these

8

circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.'" (*Burke*, *supra*, 89 Cal.App.5th at pp. 242-243.)

"Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' (§ 1385, subd. (c)(1).) 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant. [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Burke*, *supra*, 89 Cal.App.5th at pp. 243-244, fn. omitted.)

9

"[S]ection 1385, subdivision (c) applies to enhancements. A prior strike conviction is not an enhancement but part of an alternative sentencing scheme. Accordingly, section 1385, subdivision (c) does not apply to prior strike convictions. [Citation.]" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2.)

We agree with the courts in *Burke* and *Tilley* that Senate Bill No. 81 applies only to enhancements and that prior strike convictions are not enhancements. Thus, the court did not abuse its discretion in not considering the mitigating factors enumerated in amended section 1385 when denying defendant's *Romero* motion.

C.      *Romero* Motion.

Defendant contends the court abused its discretion in denying his *Romero* motion. He maintains the court invented its own standard for reviewing his motion. We disagree.

" ' "Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." ' [Citation.]" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988; accord, *People v. Lopez* (2022) 78 Cal.App.5th 459, 466-467.)

"While the purpose of the Three Strikes law is to punish recidivists more harshly [citation], not all recidivists fall within the spirit of that law. A trial court therefore may strike or dismiss a prior conviction in the furtherance of justice. [Citations.] When considering whether to strike a prior conviction, the factors a court considers are whether,

in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of the defendant's background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though the defendant had not previously been convicted of one or more serious and/or violent felonies.  [Citation.]" (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1140 (*Avila*).)

"We review a trial court's ruling on a *Romero* motion under the deferential abuse of discretion standard, which requires the defendant to show that the sentencing decision was irrational or arbitrary.  [Citation.]  It is not enough that reasonable people disagree about whether to strike a prior conviction.  [Citation.]  The Three Strikes law 'not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm . . . [T]he law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.'  [Citation.]  Only extraordinary circumstances justify finding that a career criminal is outside the Three Strikes law.  [Citation.]  Therefore, 'the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary.'  [Citation.]"  (*Avila*, *supra*, 57 Cal.App.5th at p. 1140.)

Here, the court acted within its circumscribed discretion in denying defendant's motion to strike his prior strike convictions.  The court stated that at the time he was sentenced, defendant was a poster child for application of the three strikes law; the court would have denied any *Romero* motion at that time without much thought.  The court

11

observed that defendant's prior strike conviction offenses were "violent" and "dangerous." Defendant "would get on probation and get in trouble again, or get on parole and get in trouble again." When arrested for the most recent offense, defendant had just recently been released on parole, and was in possession of both drugs and a firearm. The court concluded that defendant had been engaged in an "unimpeded and uninterrupted stream of criminality that almost always has some aspect of violence to it."

The court's findings are amply supported by the record. Defendant's criminal record began in 1989 when he was convicted of transportation or sales of controlled substances. The court placed defendant on three years of probation. The court later extended his probation. While still on probation in 1991 on the former offense, defendant was convicted of possession of controlled substances. The court placed defendant on three years of probation.

In March 1992, while still on probation in both prior offenses, defendant was convicted of possession of cocaine base for sale. In April 1992, again while still on probation, defendant was convicted of robbery. The court revoked defendant's probations and sentenced him to four years of imprisonment concurrent with the terms imposed for the other offenses. Defendant was released on parole but violated the terms of his parole and was returned to finish his term.

In 1997, not long after release on parole, defendant was convicted of assault with a firearm. The court sentenced him to four years of imprisonment. Defendant was twice released on parole and twice violated his parole, on the last occasion by his commission

12

of the current offense.  The court's determination that defendant was not outside of the three strikes scheme was well within its discretion.

Defendant contends that the court improperly wrote its own standard for ruling on a *Romero* motion.  We disagree.

As recounted *ante*, the court looked at defendant's criminal history in determining whether defendant was outside the scope of the three strikes scheme, which is precisely what the law requires.  In determining that defendant was not outside that scheme, the court identified defendant's criminal history, specifically his prior offenses, which involved violence, and his numerous probation and parole violations.  The court's failure to find "extraordinary" prison conduct and/or a personal "epiphany" which would counterbalance defendant's criminal record was well within its discretion.  (See *People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170 ["[T]he presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion."].)

## III.  DISPOSITION

The court's order denying defendant's *Romero* motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

13